Bissell, J.
delivered the opinion of the court.
For many years the state of Colorado held the fee to that portion of section 36, township 2, in the county of Jefferson,' *132 which is involved in this litigation. In 1883, while the state owned the property, the land board leased it to one Eliza M. Dow for the term of five years. This leasehold interest was subsequently transferred to one James E. Baker, who held it at the time of the various acts complained of. In May, 1887, during Baker’s occupancy, the defendant in error, James Tynon, applied to the board to offer the premises for sale. The board entertained the application, sold the property, and issued a patent for it to Tynon. The proceedings antedating the issue of the patent in so far as they concern the statutory steps which must precede the sale, are not assailed for any irregularity, except as to what was done about the improvements on the premises. It will be assumed then for the purposes of the decision, the board did everything which the statute requires to make the sale regular, unless they should have done some other thing respecting the improvements which may in some manner impeach the validity of then-action. It will be shown that this is not true. Since the case comes here on error to a judgment sustaining a demurrer to the bill, the averments on this subject must be taken to be accurate. When Tynon applied to the board to sell the premises he made divers representations about the property; that it had been abandoned; that he was unable to learn the whereabouts of the claimant; that the improvements on the land were in a very dilapidated condition and of no greater value than one hundred and fifty dollars. The falsity of these representations is alleged, the improvements are said to be worth upwards of $1,000, and it is charged that Tynon concocted á scheme to obtain title to the property without compensating the lessee in possession for what he had put on the land. It is charged that there was no appraisement of the improvements on the property, and that the sale was made and the patent issued, after Tynon had paid into the board for the benefit of the owner what he claimed was their value, to wit, $150. He did this, and the board accepted it, without calling on him to produce the receipt which the statute requires him to deposit with the board to show that *133 the holder of the leasehold interest has been protected. There is no other alleged defect in the proceedings, and this is the only basis of the bill save what is predicated upon Tynon’s alleged representations to the board concerning the value of the property. This will he discussed later on.
The demurrer was properly sustained. The complaint contains no cause of action on which the State is entitled to any relief. The principal contention on behalf of the people, that an appraisement of the improvements and a deposit of the receipt of the lessee and owner for the amount which that paper would show the purchaser had paid, was a condition precedent, and operative as a limitation upon the power of the board to complete the sale and transfer the title, is not well founded. The statutory provisions relating to these matters were evidently enacted to protect persons who had occupied the premises as lessees prior to the sale. They were not designed to control, or in any wise limit, the power of the hoard with respect to the disposition of the property. Provisions of this description can never, on any proper principle of statutory construction, he taken as a limitation upon the general power given to boards to sell property, unless they are contained in the sections of the act granting the power, and inserted therein as limitations, or unless the provisions relating to the matter either expressly, or by necessary implication, restrict the general right conferred. We find nothing in the provisions of the statute which warrant any such construction, or which necessarily imply a restriction upon the power of the board to act in the matter. It is wholly unnecessary to determine what remedy the lessee may have either as against the purchaser or the board. It is enough to say that the hoard exercised their power to sell the property according to the statute, and that the issue of the patent raises the presumption that all the steps which must precede the issue have been regularly and legally taken.
The plaintiff charged no such representations as under the law are essential to entitle a plaintiff to relief. The bill *134 charges that prior to the sale he stated and represented to the board that the property was of no greater value than $12.00 per acre. It is said that the board, acting upon this representation, placed this as the minimum price, and proceeded to sell on that basis. Tynon succeeded in purchasing the property.at this figure, while the value, according to the complaint, largely exceeded this sum and was not less than $25.00 per acre. Substantially this is what the complaint contains as matters of fact upon which to predicate the claim for relief for the fraud practiced in inducing the board to sell at an unfair price. What are called misrepresentations are simply statements of opinion as to the value of the property, considered generally with reference to its market price, and on which there might be wide differences of opinion. It is a matter about which the vendor has as full and ample knowledge and opportunity for information as are possessed by the vendee. They did not amount, taken with the most liberal intendment and broad significance, to anything approaching a warranty, and in no manner were brought within the scope of the well-settled law on this subject.
Without reference to the insufficiency of the averments of the bill, it sought ho relief which a court of equity could properly grant. What the plaintiff asked was the cancellation of the patent and the'various mesne conveyances executed by Tynon and his grantees. These transfer's are said to have been voluntary, and without a valuable considera■tion. The state would be thus reinvested with the legal title, subject to the obligation, if any, arising from the antecedent sale to Tynon. In other words, the state does not seek to set aside the sale which they made, but simply attempts to obtain a cancellation of the conveyance or patent, in order, apparently, to compel the board and Tynon to take such action as they believe is essential.under 'the statute to protect the lessee in his improvements, and to secure to Baker their value.' There was no allegation broad enough to warrant the court to set aside.the sale,•■nor did the pleader ask that *135 this be done. The sole object of the proceeding was to set aside the conveyance, leaving the sale to stand. Manifestly no such decree could be obtained without averments charging that the instrument in some one or more particulars failed to express the agreement and contract of the parties, or was too broad, or restricted, in the terms of its grant, or contained some covenant, or condition, which would operate inequitably, either against the grantor, or in favor of the grantee. The complaint is barren of any allegations of this description. Since the People did not seek to set aside the sale, and alleged nothing which warranted an attack upon' the instrument, no judgment could be rendered in favor of the state.
The complaint stated no cause of action, and the judgment which sustained a demurrer to it was properly entered and must be affirmed.

Affirmed.